*A. Rosa*, for plaintiffs.

*W. O. Smith*, for defendants.

---

## LIU KONG *vs.* KEAHIALOA.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, JULY 2, 1892. DECISION, JULY 14, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

A tenant, under a lease for fifteen years, who planted algaroba trees on the demised premises, has the right to cut and sell the same, such trees not being "timber" trees.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant leased his land to the plaintiff. The defendant then took a lease back to himself from the plaintiff of a portion of the premises, and occupied the same, and this action is to recover $25 rent therefor to January 1st, 1892. The defendant admits the claim for rent, and files a counter claim for $60 for trees cut and carried away by plaintiff from the demised premises. The evidence sent up from the Police Court of Honolulu, with the points of law, is that the trees (algaroba) which plaintiff cut were those planted by himself during the term, and that they were about six years old when cut. This case on the

counter claim raises the question whether the tenant had a right
to these trees.

The rule of the common law is that the general property in
"trees that are timber" is in the owner of the land on which
they grow.   *Perriman vs. Peacock,* 9 Bingham, 386.   Taylor, L.
& T., Section 350.   "Timber" trees are defined to be those which
can be used for building purposes, furniture, etc.   As said by
Lord Chancellor King, in *Duke of Chandos vs. Talbot,* 2 P.
Wms., 606,   "It is the custom of the country that makes some
trees timber which in their nature, generally speaking, are not
so."

Now the algaroba is a quick growing tree in this district, it is
not a timber tree, not being used for house-building or similar
purposes.   It is too hard and too irregular to be cut up into
lumber.   Its principal use is for firewood.   We may presume
that the tenant (plaintiff herein), having a lease for fifteen
years, planted the trees in question on the demised premises
with the intention of cutting them when sufficiently large to
serve as firewood.

In this case we cannot consider whether any injury was
thereby done to the land, as by leaving unsightly stumps, for
by the nature of the counter claim (which is more properly a
set-off) the tort is waived, and the mere value of the wood
cut is sought to be recovered.   And this case does not raise the
question whether a tenant for years has the right to cut down
and appropriate trees growing on the land at the time the lease
was made.

We disallow the set-off.   The plaintiff may have judgment
for the rent, as found by the Court below, for $25, and costs.

*W. C. Achi,* for plaintiff.

*W. R. Castle,* for defendant.